UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| APHRODITE SAILING CHARTERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00017-TWP-KMB |
| | ) | |
| LONDON MARINE INSURANCE SERVICES, LTD, | ) | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

There are many motions currently pending before this Court in this case, but this Order specifically relates to Plaintiff's Motion to Compel Rule 26(f) Conference.  [Dkt. 25.]  Plaintiff asks that the Court order the Parties to engage in a Rule 26(f) conference, propose a case management plan, and schedule an initial pretrial conference in this case.  Plaintiff represents that despite Plaintiff's efforts to engage in this type of conference, Defendants have "refused to participate."  [*Id.* at 2.]

Defendants oppose Plaintiffs' motion, emphasizing that "Plaintiff's motion ignores the procedural posture of this case and seeks to [force Defendants] to engage in substantive litigation activities while a threshold motion to stay the action and compel arbitration is pending before the Court."  [Dkt. 26.]  Defendants state that they are not refusing "to participate in the Rule 26(f) process out of disregard for the Federal Rules.  Rather, [Defendants have] taken the reasonable and well-established position that discovery and case-management obligations should be stayed pending the Court's resolution of [Defendants'] motion to compel arbitration."  [*Id.*]

Federal Rule of Civil Procedure 26(f) requires the Parties to confer about certain topics as soon as practicable "and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Rule 16(b) provides that the Court must issue a scheduling order after receiving the Parties' report under Rule 26(f) or after consulting with the Parties at a scheduling conference. Rule 16(b) further provides that the Court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

District courts have broad discretion to manage their caseloads and the docket of each case. *See Grifin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). A stay of discovery may be warranted when there is a dispositive threshold issue, like jurisdiction, pending before the court. *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (citing *U.S. ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *7 (S.D. Ind. June 30, 2015)). The Seventh Circuit Court of Appeals has held that "refusal to stay discovery on the merits of the [Plaintiff's] claims until the issue of arbitrability is resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

Defendants removed this case to this Court approximately 60 days ago. [Dkt. 1 (Notice of Removal filed January 20, 2026).] Since then, the Parties have been very prolific filers. They have fully briefed Plaintiff's Motion to Remand, [dkt. 4], and Defendants' Motion to Stay and Compel Arbitration, [dkt. 6], both of which raise threshold issues regarding whether the merits of the Parties' disputes will even be litigated in this Court. The Court is still assessing those motions to determine whether to hold a hearing as the Parties request. [Dkts. 16; 21.] Plaintiff has also

filed a Motion for Default Judgment, [dkt. 14], and a Motion for Alternative Service of Process, [dkt. 15], both of which also remain pending.

Given the procedural posture of this case, specifically the fact that there are two pending motions that must be resolved to determine whether the merits of the Parties' dispute will even be litigated in this Court, the Court finds good cause to **not** issue a scheduling order under Rule 16(b) and **not** require the Parties to confer under Rule 26(f) until after the Court decides Plaintiff's Motion to Remand, [dkt. 4], and Defendants' Motion to Stay and Compel Arbitration, [dkt. 6]. Thus, Plaintiff's Motion to Compel Rule 26(f) Conference is **DENIED**. [Dkt. 25.] The Court will continue to review the Parties' filings and issue rulings or set hearings in due course. While the Court senses that this case is not moving as quickly as the Parties—particularly the Plaintiff— would prefer, the Court reminds counsel that this District is incredibly busy with each judge being assigned a very high caseload. The Court assures the Parties that it is aware of the filings and that rulings will come in due course.

**SO ORDERED.**

Date: 3/23/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered Counsel of Record via CM/ECF System